IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PHILLIP DAVID REECE, <br><br> Plaintiff <br><br> VS. <br><br> BOBBY ARP, *et al.*, <br><br> Defendants | **NO. 5: 02-CV-462 (WDO)** <br><br> PROCEEDINGS UNDER 42 U.S.C. § 1983 <br> BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Before the court is the motion (Tab #53) of defendants BOBBY ARNOLD and RICKY ARP seeking summary judgment in the above-styled action filed by PHILLIP DAVID REECE. On April 11, 2005, the undersigned advised plaintiff REECE of his duty to respond to the defendants' motion and that failure to respond could result in the granting of said motion.[1] Tab #55. The plaintiff has failed to file a response to the defendants' motion. Nevertheless, it is the obligation of this court to ensure that the standards for summary judgment are met before dismissing a case when such a motion is uncontested.

### SUMMARY JUDGMENT STANDARD

As previously indicated to the plaintiff in the court's notice (Tab #55), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

---

[1] Plaintiff filed a motion for an extension of time to respond to the defendants' summary judgment motion. Tab #60. The undersigned afforded plaintiff until July 20, 2005, in which to file his response. Tab #59.

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot</u> <u>rest</u> <u>on</u> <u>his</u> <u>pleadings</u> to present an issue of fact but <u>must</u> <u>make</u> <u>a</u> <u>response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.  See Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

Plaintiff has failed to respond to defendants' motion for summary judgment despite specific direction from the court to do so and despite being afforded additional time.  Accordingly, based upon the defendants' motion and the other records provided, this court finds the facts as set forth by the defendants in defendants' **STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS NO GENUINE ISSUE TO BE TRIED** (Tab #55) and further finds that there is no genuine dispute on any issues raised by plaintiff REECE.

The plaintiff alleges that he was forced to work at a prison job detail at a recycling plant where he was exposed to used syringes that were apparently illegally dumped at the plant.  According to plaintiff, he was stuck at least six times by used dirty syringes.  Plaintiff further asserts that he has since tested positive for hepatitis C.

The plaintiff's claims that his constitutional rights were violated by the defendants are not substantiated by the evidence in the record.  The defendants have submitted a brief, affidavits, and discovery documents in support of their motion.  Simply stated, the evidence produced supports their position and is uncontroverted.  Therefore, no deprivation of plaintiff's constitutional rights under 42 U.S.C. §1983 has been established.

Accordingly, IT IS RECOMMENDED that the **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** (Tab #53) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 14th day of NOVEMBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE